Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JAPHET ISRAEL REYES CANDELARIA<br><br>Recurrido<br><br>v.<br><br>RICARDO CABALLERO AUTO CORP. H/N/C RICARDO CABALLERO USADOS<br><br>Peticionario | TA2026CE00172 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: NJ2024CV00131<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2026.

Comparece Ricardo Caballero Auto Corp. h/n/c Ricardo Caballero Usados (en adelante, RCA y/o parte peticionaria) mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Orden* emitida y notificada el 14 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la *Orden* recurrida, el foro primario denegó una enmienda a la *Demanda,* así como que dispuso que no había nada que proveer en cuanto a la demanda de terceros por no haber sido presentada.

Por los fundamentos que expondremos, se *revoca* la *Orden* recurrida en lo que respecta a la solicitud de enmienda a la demanda.

I

El caso del título tuvo sus inicios cuando, el 29 de julio de 2024, Japhet Israel Reyes Candelaria (en adelante, recurrido) presentó una *Demanda* sobre daños y perjuicios en contra de la

parte peticionaria.[1] En esta, alegó que, allá para el 20 de julio de 2023, visitó RCA a los fines de adquirir un vehículo de motor marca Toyota Tacoma del año 2022. Indicó que, en esa misma fecha, las partes suscribieron un contrato de venta al por menor a plazos por el precio de venta de $46,995.00 dólares, del cual se descontó un pago realizado a manera de pronto por la cantidad de $4,000.00 dólares. Subrayó que, en adición, la parte peticionaria aceptó un vehículo marca Hyundai Accent del año 2022 a manera de intercambio, el cual estaba financiado por el Banco Popular de Puerto Rico h/n/c Popular Auto (BPPR). Acotó que, respecto al vehículo Hyundai Accent, las partes suscribieron un contrato intitulado *Autorización para pago de saldo por tercera persona,* a través del cual se autorizó a la parte peticionaria a realizar el pago total en la cuenta del BPPR, saldar la unidad y finalizar lo referente al traspaso del vehículo de motor.

Establecido lo anterior, resaltó que, cuando correspondía la renovación del marbete del vehículo marca Toyota Tacoma, se percató de que estaba gravado con múltiples multas por falta de pago de peaje, previas a la adquisición del vehículo, por los cuales intentó comunicarse con la parte peticionaria para resolver la situación. No obstante, dado a la falta de respuesta de dicha parte, se vio en la obligación de pagar las referidas multas, la cuales sumaron a un total de $243.45 dólares. Por otra parte, manifestó, que, a la fecha, la parte peticionaria había retenido la posesión del vehículo Hyundai Accent, sin haber saldado el balance adeudado, ni realizado el traspaso, según acordado. Además, resaltó que la parte peticionaria vendió el referido vehículo a un tercero, sin su consentimiento y sin haberle provisto la información del comprador.

---

[1] SUMAC TPI, a la Entrada Núm. 1.

A tenor con lo expuesto, el recurrido peticionó que se ordenara el cumplimiento inmediato de lo acordado desde julio de 2023, respecto al saldo y traspaso del vehículo Hyundai Accent. En la alternativa, exigió que se le pagara el total adeudado al BPPR, cantidad que ascendía a $25,367.64 dólares. Como última alternativa, peticionó la devolución del referido vehículo, en las mismas condiciones en las que fue entregado a la parte peticionaria. A su vez, solicitó la indemnización de la ansiedad producida por la parte peticionaria por su incumplimiento contractual, la cual estimó en una cantidad no menor de $10,000.00 dólares.

Pasado un tiempo, y luego de haberse diligenciado el emplazamiento a la parte peticionaria, el 28 de octubre de 2024, el recurrido presentó una *Moción en solicitud de anotación de Rebeldía.*[2] En esta, planteó que habiendo pasado más de treinta (30) días desde que se emplazó a la parte peticionaria, sin que esta hubiese presentado su alegación responsiva, se le debía anotar la rebeldía. Evaluado el petitorio, mediante *Orden* de esa misma fecha, este fue declarado *Ha Lugar.*[3]

En reacción, ese mismo 28 de octubre, ocurrieron otros dos (2) eventos procesales. El *primero* fue que la parte peticionaria presentó una *Moción de reconsideración sobre anotación de rebeldía.*[4] En el escrito, expuso que el emplazamiento había sido diligenciado a un gerente de financiamiento y no a un oficial o director de la corporación, según exige la Ley General de Corporaciones. Arguyó que, aunque bien podía presentar la desestimación por insuficiencia del emplazamiento, prefería someterse a la jurisdicción del tribunal y procurar que la controversia se dilucidara en sus méritos. Así, pues, solicitó que se

---

[2] SUMAC TPI, a la Entrada Núm. 6.
[3] *Íd.*, a la Entrada Núm. 7.
[4] *Íd.*, a la Entrada Núm. 8.

reconsiderara la anotación de rebeldía y se le permitiera presentar la contestación a la demanda. El *segundo* evento procesal fue que la parte peticionaria presentó su *Contestación a Demanda.*[5] Mediante esta, negó la mayoría de las alegaciones de la demanda.

Al día siguiente, el foro primario emitió una *Orden* mediante la cual dejó sin efecto la anotación de rebeldía y aceptó la contestación a la demanda con entendimiento de que la parte peticionaria se estaba sometiendo a la jurisdicción del tribunal.[6] Igualmente, dispuso que el descubrimiento de prueba iniciaría en diez (10) días.

Tras varias instancias procesales innecesarias de pormenorizar, el 17 de enero de 2025, la parte peticionaria presentó una *Moción en solicitud de sentencia sumaria.*[7] Entre otras cosas, planteó que entre quienes se formalizó una relación contractual sobre la cesión y futura venta del vehículo Hyundai Accent fue entre el recurrido y una tal Liz Marie Miranda Cabrera (señora Miranda Cabrera), quien era la actual poseedora del vehículo. Siendo así, arguyó que no tenía ninguna obligación contractual o extracontractual con el recurrido. Alegó que el único negocio jurídico que sostuvo con este último fue la venta del vehículo Toyota Tacoma, en el cual no medió ningún tipo de *trade-in*, como parte del proceso. A tenor, solicitó al foro primario que desestimara sumariamente la *Demanda* presentada en su contra y determinara que el recurrido actuó de manera frívola y temeraria, condenándolo al pago de una suma no menor de $10,000.00 dólares.

Posteriormente, el 10 de marzo de 2025, la parte peticionaria instó una *Moción en solicitud de orden y aclaratoria.*[8] En esta, alegó que mientras un tal Alexis Torres Ortiz (señor Torres Ortiz) fungía

---

[5] SUMAC TPI, a la Entrada Núm. 9.
[6] *Íd.*, a la Entrada Núm. 10.
[7] *Íd.*, a la Entrada Núm. 18.
[8] *Íd.*, a la Entrada Núm. 30.

como vendedor en RCA, sin ser autorizado para ello, organizó entre el recurrido y la señora Miranda Cabrera la compraventa del vehículo Hyundai Accent. En mérito de lo anterior, solicitó que se dejara sin efecto su petición de sentencia sumaria y se le permitiera traer como a terceros demandados al señor Torres Ortiz y a la señora Miranda Cabrera, por su envolvimiento en el negocio realizado con el demandante. Asimismo, suplicó que le concediera un término de cinco (5) días presentar la referida demanda contra tercero. En la alternativa, solicitó que se desestimara la demanda por falta de partes indispensables.

En respuesta, mediante Orden del 10 de marzo de 2025, el tribunal de instancia declaro *Con Lugar* la solicitud en cuanto al retiro de la petición de sentencia sumaria.[9] Por otra parte, ordenó al recurrido a replicar, en un término de veinte (20) días, respecto a la solicitud para presentar la demanda contra tercero.

En reacción, el 29 de diciembre de 2025, el recurrido presentó *Moción en cumplimiento de orden y en solicitud para presentación de enmienda a demanda*. En cuanto a la demanda contra tercero, indicó que, del tribunal entender que procedía su presentación, se acataba a lo ordenado. Sin embargo, subrayó que, en cuanto a la alegación de que realizó negocios con el señor Torres Ortiz y la señora Miranda Cabrera, era completamente falsas, puesto a que no conocía a ninguno de los dos (2) y solamente tuvo una sola comunicación con el señor Torres Ortiz por mensaje de texto.

Por otra parte, el recurrido planteó en su moción que, como parte del descubrimiento de prueba, había surgido de que tres (3) personas adicionales a la parte peticionaria que estuvieron involucradas en los actos realizados en su contra. Entiéndase: (i) Eduardo R. Colón Ortega, quien figuró como el vendedor que se

---

[9] SUMAC TPI, a la Entrada Núm. 31.

encargó de todo el negocio en representación de RCA; (ii) el señor Torres Ortiz, quien se identificó como gerente ante el compareciente en una sola conversación vía mensaje de texto y quien indicó estar interviniendo para ayudarlo, y (iii) la señora Miranda Cabrera, quien fue la persona a quien los antes mencionados, entregaron el vehículo de motor en cuestión. Así, pues, solicitó enmendar la demanda para incluir como codemandadas a las tres (3) personas antes identificadas, puesto a que formaron parte de las acciones que provocaron los daños y el incumplimiento relatado en la *Demanda* original.

Examinados los escritos, el 14 de enero de 2026, el tribunal de instancia emitió y notificó una *Orden* mediante la cual dispuso lo siguiente:

> SIN LUGAR. RECLAMACIONES DE RESPONSABILIDAD CIVIL EXTRACONTRACTUAL CONTRA NUEVOS DEMANDADOS YA CONSTAN PRESCRITAS. NADA QUE PROVEER EN CUANTO A DEMANDA DE TERCEROS YA QUE NUNCA FUE PRESENTADA.

Inconforme con el curso decisorio, el 13 de febrero de 2026, la parte recurrida presentó el recurso de marras, en el cual esgrimió el señalamiento de error siguiente:

> ***Único Error****- Erró el TPI al denegar tanto la enmienda a la demanda solicitada por la parte demandante como nuestra petición para, en cambio, presentar una demanda contra terceros por alega [sic] prescripción de una reclamación extracontractual pese a que los reclamos contra las partes excluidas es una de naturaleza contractual.*

Mediante *Resolución* emitida el 19 de febrero de 2026, concedimos a la parte recurrida hasta el 23 de febrero de 2026, para expresarse en torno al recurso. Luego, a solicitud de la parte recurrida, mediante *Resolución* emitida el 24 de febrero de 2026, le concedimos un término adicional hasta el 26 de febrero de 2026, para cumplir con nuestra *Resolución* del 19 de febrero de 2026.

El 26 de febrero de 2026, compareció la parte recurrida mediante *Alegato de la parte recurrida y oposición a petición de*

*certiorari.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

## A. Expedición del Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[10] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[11]
>
> [. . .].[12]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*
>
> [. . .].[13]

---

[10] 32 LPRA Ap. V, R. 52.1.
[11] *Íd.*
[12] *Íd.*
[13] *Íd.*

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[14] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[15] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[16] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[17] Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [18]

De otra parte, el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro

---

[14] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[15] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).

[16] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[17] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

[18] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[19] Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[20]

### B. Las Enmiendas a las Alegaciones

Sabido es que, una vez se presenta la contestación a la demanda, "las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria".[21] Particularmente, "[l]a enmienda a las alegaciones que sea necesaria para conformarlas a la evidencia a los efectos de que las alegaciones reflejen las cuestiones suscitadas, podrá hacerse mediante una moción de cualquiera de las partes en cualquier momento, aun después de dictarse sentencia".[22]

Cabe destacar que el permiso para enmendar las alegaciones debe concederse liberalmente, cuando la justicia así lo requiera.[23] Aunque esta liberalidad no es infinita, se ha entendido que la Regla 13.1 de Procedimiento Civil favorece que las enmiendas sean concedidas.[24] La antedicha liberalidad emana de la política pública de que los casos deben ventilarse en los méritos, así como del interés de que las partes no se vean perjudicadas por los actos u omisiones de sus abogados.[25]

---

[19] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[20] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[21] Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1.
[22] *Íd.*, Regla 13.2, 32 LPRA Ap. V, R. 13.2.
[23] *Íd.*, Regla 13.1, 32 LPRA Ap. V, R. 13.1.
[24] *León Torres v. Rivera Lebrón*, 204 DPR 20, 66 (2020).
[25] *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005).

Se ha entendido que el paso del tiempo por sí solo no es suficiente para negar el permiso para enmendar las alegaciones.[26] Es por eso por lo que los tribunales tienen facultad para permitir enmiendas a las alegaciones aún en etapas adelantadas de los procedimientos.[27] Ahora bien, será necesario que, antes de permitir una enmienda, el juzgador de hechos pondere los factores siguientes: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada".[28] Huelga subrayar que cada uno de estos factores debe examinarse en conjunto, puesto a que ninguno de ellos opera de manera aislada.[29]

No obstante, lo anterior, se ha entendido que el factor con mayor relevancia al momento de evaluar una solicitud de enmienda es el perjuicio que puede causarse a la parte contraria.[30] Nuestro Alto Foro concluyó que ocurre un perjuicio indebido a la parte contraria cuando la enmienda: "(1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba".[31] Sin embargo, se ha dicho que el mero cambio de teoría en las alegaciones no constituye un perjuicio indebido.[32]

Finalmente, es menester destacar que tan amplia es la facultad discrecional para permitir la enmienda a una alegación que solo ante un perjuicio manifiesto a la parte contraria o un claro

---

[26] *S.L.G. Sierra v. Rodríguez*, supra, a la pág. 749.
[27] *Colón Rivera v. Wyeth Pharm*, 184 DPR 184, 198 (2012).
[28] *S.L.G. Sierra v. Rodríguez*, supra, a la pág. 748.
[29] *S.L.G. Font Bardón v. Mini-Warehouse,* 179 DPR 322, 335 (2010).
[30] *Íd.*
[31] *Colón Rivera v. Wyeth Pharm.*, supra, a la pág. 204.
[32] *S.L.G. Font Bardón v. Mini-Warehouse*, supra, a la pág. 336.

abuso de discreción procede la revocación de la autorización concedida por el juez.[33]

### III

En esencia, en el recurso ante nuestra consideración, la parte peticionaria esgrime, en su único señalamiento de error, que el foro recurrido cometió el error de denegar la solicitud de enmienda a demanda presentada por el recurrido. En el mismo señalamiento de error, planteó que el foro *a quo* también se equivocó al denegar su solicitud para presentar una demanda contra tercero.

Antes de pasar a discutir la procedencia del error esgrimido, así como si amerita expedir el presente auto de *certiorari*, es menester reseñar que, respecto a la demanda contra tercero, esta Curia no tiene facultad para atender lo planteado por la parte peticionaria por ser una cuestión prematura. Nos explicamos.

Tras examinar con detenimiento la *Orden* recurrida, se desprende que el tribunal *a quo* determinó que no podía disponer nada en cuanto a la demanda contra tercero puesto a que nunca fue presentada. Luego de revisar los autos, juzgamos que es correcta la apreciación del foro recurrido, por lo que colegimos que este asunto se encuentra *sub judice* ante el tribunal de instancia. Lo anterior, dado a que el referido foro, a la fecha, no ha determinado si autorizará la demanda contra tercero o no. Sabido es que un asunto prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[34] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[35]

Establecido lo anterior, y únicamente quedando pendiente la cuestión respecto a la enmienda a la demanda, pasemos a discutir

---

[33] *Neca Mortg. Corp. v. A & W Dev. S.E.,* 137 DPR 860, 868 (1995).
[34] *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 335 (2001).
[35] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019); *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.

si procede la expedición del presente auto. Conforme expusimos en nuestra exposición doctrinal previa, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[36] Ahora bien, es preciso reiterar que el *certiorari* queda enmarcado dentro de la normativa que le concede deferencia a las actuaciones del Tribunal de Primera Instancia, por tanto, el Tribunal de Apelaciones únicamente podrá intervenir con un dictamen interlocutorio emitido por el foro primario si se ancla en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[37] También, podremos intervenir cuando se demuestre que el referido foro actuó con perjuicio, parcialidad, abuso de su discreción o se equivocó en la interpretación de alguna norma procesal o de derecho sustantivo.[38]

Con lo anterior en mente, nos dimos a la tarea de estudiar minuciosamente los autos ante nuestra consideración. Luego de efectuar el referido examen, este Panel es de la opinión que el tribunal *a quo* incidió al no autorizar la enmienda a la demanda. En consecuencia, amerita que nos apartemos de la normativa que confiere discreción a las actuaciones del Tribunal de Primera Instancia, e intervengamos en este caso. A tenor, procede que expidamos el presente recurso de *certiorari*.

Según relatamos previamente, el caso de marras inició cuando el recurrido presentó una *Demanda* contra la parte peticionaria en la cual, esencialmente, alegó que esta había incumplido con un contrato mediante el cual se ofreció un vehículo marca Hyundai Accent, a manera de intercambio, en la compraventa de otro vehículo marca Toyota Tacoma.

---

[36] *Rivera et al. v. Arcos Dorados et al.*, supra, a la 207*; 800 Ponce de León v. AIG,* supra, a la pág. 174.
[37] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.
[38] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

Particularmente, indicó que, a través referido contrato, la parte apelante acordó que pagaría el total adeudado por el vehículo marca Hyundai Accent y gestionaría el traspaso del mismo, lo cual a la fecha no se había cumplido. Como primera alternativa, el recurrido peticionó que se cumpliera con lo acordado.

Tras varias incidencias procesales, las cuales incluyeron, pero no se limitaron a la presentación de la contestación a la demanda, el inicio del descubrimiento de prueba y una solicitud de la parte peticionaria para presentar una demanda contra tercero, la parte recurrida presentó una solicitud para enmendar la demanda original, a la cual le adjuntó una demanda enmendada. En esta expresó que, como parte del descubrimiento de prueba, había surgido el que tres (3) personas adicionales estuvieron involucradas en los actos realizados en su contra. Así, pues, peticionó enmendar la demanda para incluirlos como codemandados.

Evaluada la petición, el tribunal dispuso, entre otras cosas, que las reclamaciones contra los nuevos codemandados constaban prescritas por ser reclamaciones de responsabilidad civil extracontractual. A tenor, declaró la solicitud para enmendar la demanda *Sin Lugar*.

Luego de revisar los autos ante nuestra consideración, así como el derecho aplicable la controversia, entendemos que el tribunal incidió en su discreción al declarar sin lugar la enmienda a la demanda. De entrada, entendemos que lo dispuesto en la *Orden* recurrida constituyó una determinación de hechos sobre la cual el tribunal no tenía los elementos para efectuarla en ese momento. Por otro lado, el tribunal ignoró que las alegaciones principales de la demanda enmendada era el incumplimiento con un contrato de *trade-in*.

Precisa reseñar, además, que, según expusimos previamente, las Reglas de Procedimiento Civil son claras en que, cuando una

enmienda sea necesaria para conformar las alegaciones a la evidencia presentada, la moción a esos efectos puede presentarse en cualquier momento.[39] Asimismo, huelga destacar que las Reglas de Procedimiento Civil favorecen que las enmiendas sean concedidas.[40] Lo único que se requiere del juzgador de instancia es que, antes de conceder la enmienda, pondere: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada".[41]

Particularmente, el factor que tiene más peso, a la hora de considerar rechazar la enmienda, es si esta le causa un perjuicio a la parte contraria.[42] Esto se refiere a que la enmienda: (1) cambie sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obligue a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba.[43] De una revisión cuidadosa de los autos ante nuestra consideración, no se desprende que la enmienda le cause perjuicio alguno a la parte contraria. Incluso, es esta parte quien acude ante esta Curia para reclamar que fue un error del tribunal declarar la enmienda sin lugar.

Por todo lo antes expresado, no encontramos ningún impedimento para que la enmienda fuera autorizada. En consideración a lo anterior, concluimos que error esgrimido se cometió, por lo que procede expedir el auto de marras para revocar la *Orden* recurrida, en lo que se refiere a la enmienda a la demanda.

IV

Por los fundamentos que anteceden, se *expide* el auto de *Certiorari* y se *revoca* la *Orden* recurrida en aquello que respecta a

---

[39] Regla 13. 2 de Procedimiento Civil, *supra.*
[40] *León Torres v. Rivera Lebrón,* supra, a la pág. 66.
[41] *S.L.G. Sierra v. Rodríguez,* supra, a la pág. 748.
[42] *S.L.G. Font Bardón v. Mini-Warehouse,* supra, a la pág. 335.
[43] *Colón Rivera v. Wyeth Pharm.*, supra, a la pág. 204.

la enmienda a la demanda. En consecuencia, se autoriza la enmienda peticionada, y se devuelve el caso al tribunal de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones